ROBERT M. LOSKILL, APPELLANT, v. BOARD OF EQUALIZATION OF ADAMS COUNTY, NEBRASKA, ET AL., APPELLEES.

185 N. W. 2d 852

Filed April 16, 1971. No. 37718.

Ronald R. Fitzke, for appellant.

William M. Connolly and David N. Shepherd, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The Board of Equalization for Adams County valued farmland of plaintiff Robert M. Loskill for taxation in the year 1969. Increasing the actual valuation from

$175 to $290 an acre, the board decided that the land was irrigated, not dry or nonirrigated. On appeal the district court upheld the board. Robert appeals.

Robert owned 38.15 acres described as the northwest quarter of the northwest quarter of a section. His wife, Bonnie, owned 30 acres of irrigated land and 9 acres of dry land—the northeast quarter of the northwest quarter of the section. Her parents possessed life estates in the south half of the quarter section which contained 78 acres of irrigated land. Bonnie owned the remainder interest. The quarter section was farmed by Robert as part owner and tenant.

For a number of years immediately prior to 1969 and in 1969 Robert irrigated his tract of 38.15 acres. He did so under a revocable license to draw water from a well located on the south half of the quarter section. Details relating to the well, the underground water supply, or the terms of the tenancy were not offered in evidence.

Robert argues as follows: Subterranean water in its natural state is real property. Impounded and reduced to possession under circumstances such as those in evidence, it becomes personal property. Appropriation of water from the well effected irrigation of Robert's land, but he possessed no right of appropriation. His land was unlike the 78 acres of irrigated land located with the well in the south half of the quarter section. The basis of marketability was dry, not irrigated land. It ought to have been valued accordingly.

The action of a county board of equalization with respect to actual value of property will be affirmed on appeal to district court, unless (1) the action of the board is unreasonable or arbitrary or (2) the property of the appellant is assessed too low. See § 77-1511, R. S. Supp., 1969.

The relationship of the Loskills and the Kissingers was close. No one suggested that Robert had dealt with the others at arm's length. A county board of equaliza-

tion in a valuation proceeding ought to look through form to substance to prevent unconscionable avoidance of taxation of property. We stop there without intimating whether or not Robert's argument is otherwise sound.

The judgment is affirmed.

AFFIRMED.

CARTER and BOSLAUGH, JJ., not participating.